IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ROBERT WENDELL SMITH,<br><br>       Plaintiff,<br><br>       v.<br><br>DOYLE WOOTEN, et al.,<br><br>       Defendants. | CIVIL ACTION NO.: 5:21-cv-53 |

## REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants in their official capacities and all claims against Defendants Wooten, Cole, and Smith. However, I **FIND** Plaintiff's Fourth Amendment excessive force claim against Defendants Wilson and Tovar and deprivation of property claim against Defendant Wilson may proceed.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings this suit under § 1983, alleging violations of his constitutional rights while being arrested by Defendants Wilson and Smith, who are sheriff's deputies in Coffee County, Georgia. Doc. 1. Plaintiff alleges on April 21, 2021, Defendants Tovar and Wilson arrested him, but during the arrest, they jumped on his back and choked him while he was

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

restrained. Id. at 6. As a result of this use of force, Plaintiff states he suffered back injuries, cuts, scratches, and bruises. Id. Additionally, Plaintiff contends after he was arrested, Defendant Wilson took his cash and credit and debit cards, which were worth more than $200. Id. When Plaintiff complained of the loss of his money, Defendant Smith informed him Defendant Wilson never turned in any money or credit and debit cards. Id. at 8. Plaintiff sues Defendants Smith, Wooten, and Cole based on their inaction after he filed grievances related to his assault and stolen property. Id. Plaintiff sues all Defendants in their individual and official capacities and seeks injunctive relief and monetary damages. Id. at 2–3, 6.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to

2

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I.   Official Capacity Claims

Plaintiff is suing Defendants in their official and individual capacities for monetary damages. Doc. 1 at 2–3. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71. Furthermore, it is well-settled law sheriffs and members of the sheriff department acting in a law enforcement capacity are acting on behalf of the state. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003); Grech v. Clayton County, 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer . . . ."). As this Court has recognized,

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged. Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms of the state—not as county officials . . . . In sum, Manders and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors . . . they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (internal citations omitted) (citing Manders, 338 F.3d at 132; Grech, 335 F.3d at 1332–40; Hall v. Fries, No. 7:13-CV-105, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); Scott v. Mercier, No. 5:06-CV-33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); and Lewis v. Wilcox, No. 3:06-cv-29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Coffee County Sherriff's Department. Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## II.     Failure to State a Claim–Defendants Wooten, Cole, and Smith

Plaintiff fails to state a claim against Defendants Wooten, Cole, and Smith based on their lack of involvement in the underlying constitutional claims (excessive force and deprivation of property) and their failure to address his grievances and complaints related to the purported assault and stolen cash and credit and debit cards.

### A.     Plaintiff Does Not Connect Defendants Wooten, Cole, and Smith to the Underlying Constitutional Claims

Plaintiff fails to state a claim against Defendants Wooten, Cole, and Smith relating to his excessive force or deprivation of property claims. The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading,

4

we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). As to these Defendants, Plaintiff fails to describe how they were involved in the alleged assault during his arrest and taking of his cash and credit and debit cards.[2]

To the extent Plaintiff seeks to hold Defendants Wooten and Cole liable for the acts of their subordinates without alleging any personal involvement, his claim also fails. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged Defendants Wooten and Cole participated in the events forming the basis of any of Plaintiff's claims.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Cole and Wooten and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to

---

[2] Plaintiff only complains Defendants Wooten, Cole, and Smith failed to adequately investigate his grievances related to his allegations. Doc. 1 at 5, 8. The Court addresses this contention in § II.B.

5

constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).  Plaintiff has not made the necessary showing with respect to Defendants Cole and Wooten.

### B. No Liability for Handling of Grievances

Plaintiff alleges Defendants Wooten, Cole, and Smith failed to properly investigate his grievances and did not take appropriate action after he complained he was assaulted and that Defendant Wilson had taken his money and credit and debit cards.  Doc. 1 at 5, 8.  Defendants' investigation, or lack thereof, into his allegations cannot form a basis for his claims.  There is no constitutionally protected liberty interest in a grievance process, including the investigation of grievances.  The Eleventh Circuit has joined other Circuits in holding "that a prisoner does not have a constitutionally protected liberty interest in an inmate grievance procedure." Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").  "Simply put, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under § 1983." Wromas v. Cruz, Case No. 2:17-cv-155, 2018 WL 2318038, at *2 (M.D. Fla. May 22, 2018).

In sum, Plaintiff's claims against Defendants Wooten, Cole, and Smith, whether based on their positions as supervisors or for the handling of his grievances and complaints, cannot form

the basis of a claim. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Wooten, Cole, and Smith.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants in their official capacities and all claims against Defendants Wooten, Cole, Smith. However, I **FIND** Plaintiff's Fourth Amendment excessive force claim against Defendants Wilson and Tovar and deprivation of property claim against Defendant Wilson may proceed.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of November, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA